**SINNETT LAW, APC.**
Wayne A. Sinnett (SBN: 302987)
ws@sinlegal.com
Crystal T. Innabi (SBN: 316434)
ci@sinlegal.com
770 L Street, Suite 950
Sacramento, CA 95814
Tel: (619) 752-0703
Fax: (619) 330-2120

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KEYANA BRADGON,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**SOUTH WEST MEDIATION SERVICES OF NEVADA d/b/a SOUTHWEST MEDIATION SERVICE,** entity type unknown,<br><br>Defendant. | **Case No.:** 2:18-CV-9076<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>**1.) THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;**<br><br>**2.) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

**INTRODUCTION**

1. This is an unfair debt collection practices action based upon Defendant's use of a collection tactic commonly known as "the shake" which is industry parlance for "shakedown." The scheme is simple and effective. Debt collectors develop scripts to read during phone calls to consumers which threaten consumers with criminal prosecution or falsely claim they need to "verify" an address for service of process for a non-existent lawsuit.

2. The intended effect is an undue sense of urgency resulting in panic on the part of the consumer who immediately contacts the debt collector and pays the alleged debt under a false and illegal pretext. That is the exact scheme Plaintiff, KEYANA BRADGON, was subject to and Plaintiff now brings this action against Defendant, SOUTH WEST MEDIATION SERVICES OF NEVADA d/b/a SOUTHWEST MEDIATION SERVICE, entity type unknown, ("SOUTHWEST") alleging violations of: (i) The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq*.; and (ii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.

3. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid such violations.

6. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs,

1
2
successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

3
4
7.   Unless otherwise stated, all the conduct engaged in by Defendant occurred in the State of California.

5
6
8.   At all times relevant, Plaintiff was an individual residing within the State of California.

7
## JURISDICTION AND VENUE

8
9
10
11
9.   This action arises out of Defendant's violations of: (i) the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq.*; and (ii) the Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.

12
13
10.   Jurisdiction of this Court therefore arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for supplemental state law claims.

14
15
16
11.   The Court has personal jurisdiction over Defendant as Defendant conducts business within the State of California, and has purposefully availed themself of the laws and markets of the State of California and this district.

17
18
19
20
12.   Venue is proper in the United States District Court, Central District of California as: (i) Plaintiff resides in the County of Los Angeles, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

21
## PARTIES

22
23
24
25
26
27
13.   Plaintiff, KEYANA BRADGON, ("Plaintiff") is a natural person who resides in the City of Los Angeles, County of Los Angeles, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

28

14. Defendant, SOUTH WEST MEDIATION SERVICES OF NEVADA d/b/a SOUTHWEST MEDIATION SERVICE, entity type unknown, ("SOUTHWEST"), is a business entity, form unknown, doing business in Los Angeles, California.

15. SOUTHWEST in the ordinary course of business, uses U.S. Mail and/or the instrumentalities of interstate commerce to carry out their principle business purpose which is the collection of debts.

16. SOUTHWEST, in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6). Such debt collection is conducted upon debts or alleged debts that are in default at they time they were acquired by and/or assigned to SOUTHWEST.

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as the term is defined by 15 U.S.C. § 1692a(5).

### FACTUAL ALLEGATIONS

18. Sometime before September of 2018, Plaintiff is alleged to have obtained and defaulted on a consumer debt, (the "Debt").

19. The alleged Debt was incurred primarily for personal, family or household purposes and is therefore a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f), and a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. Sometime thereafter, the Debt was placed with Defendant for the sole purpose of debt collection.

///

21. On September 20, 2018, Defendant contacted Plaintiff from phone number (702) 389-3527, and left a voicemail attempting to collect on the Debt, ("**The Voicemail**"). **The Voicemail** stated:

> Hi my name is Alexis James. I'm calling from Southwest Mediation Services for Keyana Bragdon, regarding a ***direct involvement of a potential civil action*** being filed in my office. I do need to speak with you. My number is 1 (702) 389-3527. Ask for ***mediator*** Alexis James and I can assist you…

[emphasis added.]

22. **The Voicemail**'s purpose was to instill a false sense of urgency of an imminent lawsuit to coerce Plaintiff into contacting Defendant immediately and paying the alleged Debt.

23. By stating they were "mediator(s)" rather than "debt collectors," Defendant used a false name in connection with the collection of an alleged Debt, and did not disclose the true nature of their business, which is collecting debts. By claiming they were "mediator(s)" and using the name "Southwest Mediation Services[1]", Defendant misrepresented the nature of their services.

24. By stating the call is regarding Plaintiff's "***direct involvement***" in a "***civil action***," Defendant threated a lawsuit, and falsely implied that there was, or could soon be, legal claims pending against Plaintiff. By using the words "civil action" Defendant connotes to the least sophisticated consumer that a lawsuit has, or will soon be, filed against the consumer.

25. Through the date of this filing, no legal action has been taken against Plaintiff by Defendant, and no lawsuit is currently pending in any California court

---

[1] Defendant even advertises mediation services on its website, "Southwest Mediation Service is recognized as an alternative dispute resolution center. We offer a range of mediation services, all designed to provide an agreeable alternative solution."
https://www.southwestmediationservice.com/about/

1  against Plaintiff for the alleged Debt.

2  26. Therefore, in an attempt to collect upon the alleged Debt, Defendant
3  unlawfully threatened litigation by attempting to intimidate Plaintiff with false
4  threats of a "civil action", implying Plaintiff has already, or will soon be,
5  named in a non-existent lawsuit.

6  27. The above-described threats and representations made to Plaintiff by
7  Defendant and Defendant's employees and agents were false and part of a
8  scripted and unlawful debt collection practice that is ongoing and is currently
9  being perpetrated by Defendant to coerce the payment of money from
10  consumers through the use of false threats, extortion, intimidation, and
11  unlawful harassment.

12  28. Through this conduct, Defendant violated: (i) 15 U.S.C. § 1692e by making
13  false, deceptive, and misleading representations in connection with the
14  collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations
15  regarding the character, amount or legal status of a debt; (iii) 15 U.S.C. §
16  1692e(5) by threatening to take action that cannot legally be taken or that is
17  not intended to be taken; (iv) 15 U.S.C. § 1692e(10) by using false
18  representations or deceptive means to collect or attempt to collect a debt; (v)
19  15 U.S.C. § 1692e(14) by using any business, company, or organization name
20  other than the true name of the debt collector's business, company, or
21  organization; and (vi) 15 U.S.C. § 1692f by using unfair or unconscionable
22  means to collect or attempt to collect a debt. These sections are incorporated
23  into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also
24  violated Cal. Civ. Code § 1788.17.

25  29. Through this conduct, Defendant also violated Cal. Civ. Code § 1788.13(i) by
26  falsely representing the true nature of the business or services being rendered
27  by the debt collector.

28  ///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

30. In addition, **The Voicemail** was an "initial communication" as that term is defined by 15 U.S.C. § 1692e(11).

31. When Plaintiff received **The Voicemail** she did not know or understand that SOUTHWEST, a debt collector[2], was attempting to contact her in an attempt to collect a debt.

32. In **The Voicemail**, Defendant failed to: (i) identify themselves as a debt collector; (ii) state that the purposes of the call was debt collection and any that information obtained would be used for the purposes of debt collection; and (iii) failed to make meaningful disclosure of their identity.

33. Through this conduct, Defendant violated: (i) 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress or abuse a person in connection with the collection of a debt; (ii) 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity; (iii) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; and (iv) 15 U.S.C. § 1692e(11) by failing to disclose that the communication was an attempt to collect a debt by a debt collector and that any information obtained would be used for that purpose. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

34. **The Voicemail** was also an "initial communication" as that term is defined by 15 U.S.C. § 1692g.

35. Defendant failed to send Plaintiff the required validation notice within five (5) days of the initial communication as required by 15 U.S.C. § 1692g.

36. Through this conduct, Defendant violated 15 U.S.C. § 1692g by failing to send Plaintiff, within five days of the initial communication, a written notice

---

[2] Defendant accepts payments on debts from consumers through their website. https://www.southwestmediationservice.com/

containing (i) the amount of the debt; (ii) the name of the creditor to whom the debt is owed; (iii) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (iv) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (v) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

37. Though this conduct, Defendant also violated Cal. Civ. Code § 1812.700(a)-(b) and Cal. Civ. Code § 1812.702 by failing to send a Consumer Collection Notice as defined by Cal. Civ. Code § 1812.700(a). Cal. Civ. Code § 1812.702 provides that any violation of Cal. Civ. Code § 1812.700, *et seq.* is violation of the RFDCPA; thus, Defendant violated the RFDCPA, (Cal. Civ. Code § 1788, *et seq.*).

38. Fearing an imminent lawsuit, on September 21, 2018, Plaintiff contacted Defendant, ("**The Phone Call**"). During **The Phone Call**, Defendant failed to identify themselves as a debt collector, and instead stated they were calling in regards to a "*civil action*" that had been "*filed*" against Plaintiff. Defendant went on to state they were "holding" Plaintiff's "*case*" until 4:00 PM that day. During **The Phone Call**, Defendant specified that Plaintiff needed to make a payment on the Debt in order to "*save thousands on legal fees.*"

39. Defendant's purpose during **The Phone Call** was to instill a false sense of urgency of an imminent lawsuit to coerce Plaintiff into immediately paying the alleged Debt.

40. By stating the call was regarding a "*civil action*" "*filed*" against Plaintiff, Defendant threated litigation, and falsely implied that a lawsuit had already been filed and that there were legal claims already pending against Plaintiff. By using the words "civil action" and "filed" Defendant connotes to the least sophisticated consumer that a lawsuit has been filed against the consumer.

41. By implying they would "hold" Plaintiff's "case" if Plaintiff paid the Debt by 4 PM, Defendant created an undue sense of urgency to coerce Plaintiff into paying the Debt. By stating Plaintiff needed to make a payment on the Debt in order to "*save thousands on legal fees*," Defendant threatened litigation and implied that a lawsuit had been filed against Plaintiff.

42. Through the date of this filing, no legal action has been taken against Plaintiff by Defendant, and no lawsuit is currently pending in any California court against Plaintiff for the alleged Debt.

43. Therefore, in an attempt to collect upon the alleged Debt, Defendant unlawfully threatened litigation by attempting to intimidate Plaintiff with false threats of a "civil action", implying Plaintiff had been named in a non-existent lawsuit.

44. The above-described threats and representations made to Plaintiff by Defendant and Defendant's employees and agents were false and part of a scripted and unlawful debt collection practice that is ongoing and is currently being perpetrated by Defendant to coerce the payment of money from consumers through the use of false threats, extortion, intimidation, and unlawful harassment.

45. Through this conduct, Defendant violated: (i) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt; (iii) 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or that is

not intended to be taken; (iv) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; (v) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt; and (vii) 15 U.S.C. § 1692f(1) by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

46. During **The Phone Call**, Plaintiff did not know or understand that SOUTHWEST, a debt collector, was attempting to contact her in an attempt to collect a debt.

47. During **The Phone Call**, Defendant failed to: (i) identify themselves as a debt collector; and (ii) failed to make meaningful disclosure of their identity.

48. Through this conduct, Defendant violated: (i) 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress or abuse a person in connection with the collection of a debt; (ii) 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity; (iii) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; and (iv) 15 U.S.C. § 1692e(11) by failing to identify themselves as a debt collector in a communication with a consumer. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

///

///

///

## FIRST CAUSE OF ACTION FOR VIOLATIONS OF

## THE FAIR DEBT COLLECTION PRACTICES ACT

## ("FDCPA") 15 U.S.C. § 1692 ET SEQ.

## [AGAINST SOUTHWEST]

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

51. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of up to $1,000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## SECOND CAUSE OF ACTION FOR VIOLATIONS OF

## THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## ("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.

## [AGAINST SOUTHWEST]

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

54. Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violation of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).

55. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount of up to $1,000.00,

from each Defendant pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant according to such causes of action stated against each Defendant, as follows:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00, from each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- That the Court preliminarily and permanently enjoin Defendants from engaging in the unlawful debt collection and credit reporting practices stated herein; and
- Any and all other relief that this Court deems just and proper.

Dated: October 22, 2018                    Respectfully submitted,

                                           **SINNETT LAW, APC.**

                                           BY: /s/ CRYSTAL T. INNABI
                                           CRYSTAL T. INNABI, ESQ.
                                           ATTORNEY FOR PLAINTIFF

1

## TRIAL BY JURY

2

56.     Pursuant to the Seventh Amendment to the Constitution of the United States

3

of America, Plaintiff is entitled to, and demands, a trial by jury.

4

5

Dated: October 22, 2018                              Respectfully submitted,

6

7                                                    **SINNETT LAW, APC.**

8                                                    BY: /S/ CRYSTAL T. INNABI

9                                                    CRYSTAL T. INNABI, ESQ.
                                                     ATTORNEY FOR PLAINTIFF

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                                                  PAGE 13 OF 13